WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michelle Whitmore, | No. CV-14-01299-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Universal American Mortgage Company LLC, | |
| Defendant. | |

Defendant Universal American Mortgage Company LLC has filed motions to set aside entry of default and compel arbitration. Doc. 17; Doc. 18. Pro se Plaintiff Michelle Whitmore opposes both motions. Doc. 22. The Court will grant both motions.

**I.  Background.**

Defendant employed Plaintiff between October 15, 2012 and August 12, 2013. Doc. 1, ¶ 5. As a condition of employment, Defendant requires all current and prospective employees to agree to the terms of Defendant's employee handbook, styled the Associate Reference Guide ("ARG"). Doc. 18-1 at 2. One such term is a mandatory employment dispute resolution procedure.[1]  Doc. 18-1 at 5. On October 12, 2012,

---

[1] "This dispute resolution procedure is a condition of employment with [Defendant]. . . . If a dispute arises relating to your employment by [Defendant] . . . that cannot be resolved informally after consultation with Human Resources, we require any such dispute to be resolved and/or determined through the dispute resolution procedures set forth in this policy." Doc. 18-1, at 5. "If the dispute is not resolved through mediation, Associate and [Defendant] agree to resolve the dispute exclusively by confidential binding arbitration under the Federal Arbitration Act ('FAA') and this policy." *Id.* at 6.

Plaintiff acknowledged in writing she had been given an opportunity to read the ARG and agreed to the policies, guidelines, and statements it contained. *Id.* at 10. On October 15, 2012, Plaintiff agreed once more to the arbitration agreement after she completed an online training program regarding the ARG and its policies. *Id.* at 17. Plaintiff does not dispute these agreements. *See* Doc. 22.

Plaintiff's employment with Defendant ended on August 12, 2013. Doc. 1, ¶ 5. On February 6, 2014, Plaintiff and Defendant participated in a mediation facilitated by the Equal Employment Opportunity Commission ("EEOC"), but did not reach a settlement. Doc. 18-1 at 2. Plaintiff alleges that Defendant did not attend mediation to reach an agreement, but rather to engage in further retaliatory conduct against Plaintiff and to scare her into "signing under duress a release of claims with the EEOC." Doc. 22, ¶ 7. Following mediation, Plaintiff did not seek to pursue arbitration as provided in the ARG. Doc. 18-2, at 2. Instead, Plaintiff brought this action on June 11, 2014, after receiving a "right to sue" letter from the EEOC on April 30, 2014. Doc. 1, ¶ 11. On July 10, 2014, Defendant was served with a summons and complaint regarding Plaintiff's lawsuit. Doc. 14 at 2. On August 21, 2014, Plaintiff asked the Clerk to enter default against Defendant pursuant to Rule 55(a) for failing to answer or otherwise defend. *Id.*, ¶ 4. The Clerk entered default on August 25, 2014. Doc. 15. No motion for default judgment has been filed.

Defendant filed its motion to set aside default on September 10, 2014. Doc. 17. According to the motion, Defendant learned on June 11, 2014, that Plaintiff might have filed a lawsuit against it. *Id.* at 3. Defendant immediately contacted Defendant's Counsel and asked that he investigate the matter. *Id.* Counsel checked the Court's database and discovered that Plaintiff had indeed filed a lawsuit. *Id.* Defendant and Counsel then made the strategic decision to respond to Plaintiff's complaint, once served, with a motion to compel arbitration. *Id.* Over the next few weeks, Counsel drafted the motion to compel. *Id.* Counsel asked Defendant about the status of the service at least once between June 12 and July 9, 2014. *Id.*

On July 9, 2014, Counsel's father passed away unexpectedly, leaving Counsel to handle family matters. *Id.* On July 10, 2014, Defendant was served with Plaintiff's complaint. *Id.* On July 14, 2014, Defendant sent an e-mail to Counsel notifying him of the service, anticipating that Counsel would then file the motion to compel. *Id.* at 4. But Defendant's e-mail was addressed to a personal e-mail of Counsel that is no longer used. *Id.* Defendant believed the response and motion would be filed, while Counsel remained unaware that Defendant had been served. *Id.* The miscommunication was discovered on September 9, 2014, during a face to face meeting between Defendant and Counsel. *Id.* Counsel checked the Court's docket, discovered the entry of default, and proceeded to draft the motion to set aside the default. *Id.* at 5. On September 10, 2014, Counsel filed the motions to set aside default and compel arbitration. Docs. 17, 18.

**II.    Motion to Set Aside Default.**

Federal Rule of Civil Procedure 55(c) allows a court to "set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). Courts consider three factors in deciding whether good cause exists: (1) whether the moving party engaged in culpable conduct, (2) whether the moving party has a meritorious defense, and (3) whether setting aside the default will prejudice the non-moving party. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). The moving party bears the burden of proving that the three factors weigh in favor of setting aside default. *Franchise Holding II, LLC. v. Huntington Rest. Grp.*, 375 F.3d 922, 926 (9th Cir. 2004). This burden, however, is not extraordinarily heavy, and "judgment for default is a drastic step appropriate only in extreme circumstances[.]" *Mesle*, 615 F.3d at 1091.

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Id*. at 1092 (emphasis in original). Intentional conduct must rise to the level of conduct that is willful, deliberate, or done in bad faith. *Id.* Defendant asserts that a miscommunication between Defendant and Counsel, while Counsel was in the midst of a family emergency, was the cause of their failure to answer. Doc. 17 at 2. Nothing in Defendant's conduct suggests a

- 3 -

"devious, deliberate, willful, or bad faith failure to respond." *Mesle*, 615 F.3d at 1092. Defendant's conduct was not culpable for purposes of the good cause factors.

"All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense[.]" *Mesle*, 615 F.3d at 1094. Plaintiff alleges that Defendant engaged in discriminatory and retaliatory conduct based on her relationship with her disabled son. Doc. 1, ¶ 8. These allegations are undisputedly an employment-related dispute within the bounds of the ARG's mutually binding dispute resolution policy, and Defendant's request to compel arbitration is a defense sufficient to satisfy the meritorious defense requirement.

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Mesle*, 615 F.3d at 1095 (citation omitted). "[T]he standard is whether [Plaintiff's] ability to pursue [her] claim will be hindered." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Plaintiff asserts that Defendant's Counsel lied to the Court regarding the death of his father.[2] Doc. 22, ¶ 4. Plaintiff also seems to claim that Defendant surreptitiously gathered information and evidence of Plaintiff's claim through a "legal consultant who betrayed the plaintiff," and intentionally stalled proceedings as a tactic because Defendant knew Plaintiff could not afford legal counsel. *Id.*, ¶ 6. Even if taken as true, these allegations do not show that setting aside default would prejudice Plaintiff in any way other "than simply delaying resolution of the case," and do not warrant the Court's refusal to allow this case be decided on the merits. *Mesle*, 615 F.3d at 1095.

This Circuit's "rules for determining when a default should be set aside are solicitous towards movants[.]" *Mesle,* 615 F.3d at 1089. Whenever possible, a case should be decided on the merits and judgment by default is "appropriate only in extreme circumstances[.]" *Id.* The Court will set aside default in this case.

---

[2] In Defendant's initial motion to set aside default was a copy of Mr. Meyer's death certificate. Doc. 17-1 at 13. The website to which Plaintiff cites as listing the "actual date of death" is the online obituary for a man with a different name, in a different state, who died on a different day. Plaintiff should rely on more accurate evidence when making assertions to the Court.

- 4 -

**III.    Motion to Compel Arbitration.**

Under the Federal Arbitration Act, "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, . . . shall be valid, irrevocable, and enforceable[.]"  9 U.S.C. § 2; *see, e.g.*, *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 113-19 (2001) (holding that FAA applies to employment contracts except those of transportation workers) (citing 9 U.S.C. §§ 1-2); *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000); *Tracer Research Corp. v. Nat'l Envtl. Servs. Co.*, 42 F.3d 1292, 1294 (9th Cir. 1994), *cert. dismissed*, 515 U.S. 1187 (1995).

"Notwithstanding the federal policy favoring it, 'arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'"  *Tracer Research Corp*, 42 F.3d at 1294 (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)).  Where the arbitrability of a dispute is in question, a court must look to the terms of the contract.  *See Chiron Corp.*, 207 F.3d at 1130.  "'Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'"  *Simula*, 175 F.3d at 719 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 (1983)).

The dispute resolution procedure in the ARG states that "[i]f the dispute is not resolved through mediation, Associate and [Defendant] agree to resolve the dispute exclusively by confidential binding arbitration under the Federal Arbitration Act ('FAA') and this policy."  Doc. 18-1 at 6.  Plaintiff does not dispute that she read, understood, and agreed to the terms of the arbitration policy.  Doc. 18-1 at 10, 17.  Plaintiff does not contend that the terms were unclear, unexplained, or waived.  Nor does she allege that she was deceived or pressured into accepting the terms.

The ARG's mutually binding arbitration agreement covers all employment related disputes.  Doc. 18-1 at 5.  Because Plaintiff's claim under the ADA is an employment-related dispute, it is covered by the dispute resolution procedure in the ARG.

Plaintiff has offered no argument that would enable the Court to deny Defendant's motion. Defendant's motion to compel arbitration will be granted.[3]

**IV. Dismissal.**

"If the court finds that an arbitration clause is valid and enforceable, the court should stay or dismiss the action to allow the arbitration to proceed." *Kam-Ko Bio-Pharm Trading Co. Ltd-Australasia v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 940 (9th Cir. 2009). In its discretion, the Court will dismiss this action to permit arbitration to proceed. Because Plaintiff is proceeding pro se, the Court will require Defendant, within seven days of this order, or provide a written explanation to Plaintiff concerning the precise procedures she must follow to commence arbitration. Defendant shall provide whatever assistance is necessary to assist Plaintiff in commencing arbitration. Once arbitration is completed, the parties can seek judicial enforcement, if necessary, under applicable law.

**IT IS ORDERED:**

1. Defendant's motion to set aside default (Doc. 17) is **granted**.
2. Defendant's motion to compel arbitration (Doc. 18) is **granted**. The parties shall proceed to arbitration in accordance with the terms of the ARG.
3. Plaintiff's request for damages (Doc. 22, ¶¶ 10-11) is **denied**.
4. The Clerk shall **terminate** this action.

Dated this 27th day of October, 2014.

_____
David G. Campbell
United States District Judge

---

[3] Because the Court has granted Defendant's motion to compel arbitration, Plaintiff's request for damages in her response will not be addressed. Doc. 24, ¶10-11.

- 6 -